UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LATINA POLK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 1:17-CV-2552 |
| | ) |
| AVAILITY LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.   NATURE OF COMPLAINT**

1. Plaintiff, LaTina Polk, (hereinafter "Polk"), by counsel, brings this action against Defendant, Availity LLC (hereinafter "Availity" or "Defendant"), alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

**II.   PARTIES**

2. Polk is a resident of the State of Indiana, who at all relevant times resided within the geographic boundaries of the Southern District of Indiana.

3. Defendant is a corporation who conduct business within the geographic boundaries of the Southern District of Indiana.

**III.   JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. Polk was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Polk is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Polk's disability and/or regarded Polk as being disabled and/or Polk had a record of being disabled.

8. Polk satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Polk received the required Notice of Sue Rights and timely files this action.

9. A substantial part of the events, transactions and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV.   FACTUAL ALLEGATIONS

10. Defendant hired Polk on or about July 29, 2013. Most recently, Polk worked as a Revenue Cycle Specialist ("RCS").

11. Polk's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

12. Polk is disabled as that term is defined by the ADA and its amendments. Polk was diagnosed with narcolepsy, which limits her major activities of concentrating, multitasking, and comprehension. Defendant was aware of her disability and/or it regarded her as disabled, as Polk utilized intermittent FMLA leave for her disability.

13. Despite her disability, Polk continued to effectively perform the job duties associated with her position as a RCS. In or about February 2016, Polk requested an accommodation of being allowed to work from home two days per week as needed and to have a

flexible schedule.  Defendant granted her accommodation request.  In November 2016, Kristie Webb, Human Resources, asked for recertification from Plaintiff's physician for purposes of the FMLA, which Plaintiff completed.  In December 2016, Plaintiff's supervisor updated the work-from-home policy for the department which allowed for individuals to work from home one day per week.  The days worked at home had to be scheduled one month in advance.

14. On or about December 23, 2016, Polk requested reasonable accommodations for her disability including 1) working from home five (5) days per week as needed; 2) an adjustable, flexible work schedule; and 3) being provided a quiet, dark room for taking breaks as needed.

15. On or about January 27, 2017, Kristal Pearce, Director of Talent Management and Workforce Strategy, denied Polk's request for accommodations.  Polk was only allowed to work from home within the parameters of the new work-from-home policy and the flexible schedule offered were the same regularly scheduled work hours.  Similarly-situated non-disabled individuals were allowed to work from home and have a flexible schedule.

16. Polk also requested to be transferred to a Client Account Manager ("CAM") but this request was denied.

17. On or about February 22, 2017, Polk engaged in a protected activity when she filed a Charge of Discrimination alleging disability discrimination.

18. On or about June 14, 2017, Polk was terminated from her position.  The reason given for her termination is pretext for discrimination and/or in retaliation for her engaging in a protected activity.

## V. CAUSES OF ACTION

## COUNT I: ADA- DISABILITY DISCRIMINATION

19. Polk hereby incorporates by reference paragraphs one (1) through eighteen (18) as if the same were set forth at length herein.

20. Defendant violated Polk's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* by failing to provide a reasonable accommodation.

21. Defendant violated Polk's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* by failing to provide him with a reasonable accommodation and discriminating against her because of his disability when it terminated her employment.

22. Defendant's actions were intentional, willful and in reckless disregard of Polk's rights as protected by the ADA.

23. Polk has suffered damages as a result of Defendant's actions.

## COUNT II: RETALIATION IN VIOLATION OF THE ADA

24. Polk hereby incorporates by reference paragraphs one (1) through twenty-three (23) as if the same were set forth at length herein.

25. Defendant retaliated against Polk for having requested an accommodation due to her disabilities.

26. Defendant's actions violated the anti-retaliation provisions of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq*.

27. Defendant's actions were intentional, malicious, and done with reckless disregard for Polk's legally protected rights.

28. Polk suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, LaTina Polk, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Polk to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Polk of front pay in lieu thereof;

2. Compensatory, consequential and emotional distress damages to Polk;

3. Compensation for Polk's lost wages and benefits;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Punitive damages for violations of the ADA;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Lauren E. Berger
Andrew Dutkanych, #23551-49
Lauren E. Berger, #29826-19
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
         lberger@bdlegal.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, LaTina Polk, by counsel, requests a trial by jury on all issues deemed so triable.

                                      Respectfully submitted,

                                      BIESECKER DUTKANYCH & MACER, LLC

                                      By:   /s/ Lauren E. Berger_____
                                      Andrew Dutkanych, #23551-49
                                      Lauren E. Berger, #29826-19
                                      411 Main Street
                                      Evansville, IN 47708
                                      Telephone:  (812) 424-1000
                                      Facsimile:   (812) 424-1005
                                      Email: ad@bdlegal.com
                                               lberger@bdlegal.com